IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORETTA ANN KOZEMCHAK,    )
    )
    Plaintiff,    )
    )
  -vs-    )    Civil Action No.   16-1070
    )
NANCY A. BERRYHILL,[1]    )
COMMISSIONER OF SOCIAL SECURITY,    )
    )
    Defendant.    )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she has been disabled since February 1, 2006. (ECF No. 8-8, p. 4) Administrative Law Judge ("ALJ"), Natalie Appetta, held a hearing on September 24, 2014. (ECF No. 8-3). On October 9, 2014, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 15-30).

After exhausting all of his administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review decisions to deny a complainant's application for benefits under the Act. When this court has jurisdiction to review a decision to deny an application for benefits under the Act, the standard of review is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

  **B.**  **<u>Weighing Opinion Evidence as it relates to the Residual Functional Capacity</u>**

I consider Plaintiff's argument regarding the weighing of opinion evidence relating to her residual functional capacity ("RFC")[2] first, as I believe it is a threshold issue. Plaintiff argues that the ALJ erred in weighing the mental opinion evidence when formulating her RFC such that remand is warranted. (ECF No. 11, pp. 12-14). After a review of the evidence, I agree.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). Additionally, I note that state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs]

4

... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

In this case, the ALJ gave the opinion of Dr. Groves, an examining psychologist, great weight with the exception of Dr. Groves' GAF assessment of Plaintiff. (ECF No. 8-2, p. 26). She gave the opinion of Dr. Schiller, a reviewing psychologist for the state agency, some weight. *Id.* at p. 27. She also gave the opinion of Mr. Muller, Plaintiff's treating psychologist, great weight with the exception of Dr. Muller's GAF assessment of Plaintiff. *Id.* at pp. 27-28. The ALJ also pointed out the she gave greater weight to the opinion of Dr. Muller over the opinion of Dr. Groves "because of her treating history with the claimant and her opinion is more recent in time." *Id.* at p. 28.

Dr. Muller found Plaintiff was "seriously limited" in a number of abilities. (ECF No. 8-15, pp. 3-8. One ability, in particular, involves Plaintiff's capacity to "complete a normal workday and workweek without interruptions from psychologically based symptoms." *Id.* at p. 5. The form filled out by Dr. Muller defines "seriously limited" to mean "your patient has noticeable difficulty (e.g., distracted from job activity) from 11 to 20 percent of the workday or work week." (ECF No. 8-15, p. 5). Additionally, Dr. Muller opined that, on average, Plaintiff would be absent from work three days per month. (ECF No. 8-15, p. 7). At the hearing, the ALJ asked the vocational expert ("VE") what the impact would be if an individual was off task more than 20% of the work day or if the individual were absent three or more days per month and the VE stated that all employment would be precluded. (ECF No. 8-3, p. 37). The ALJ asked the VE about what employers customarily expect in terms of, *inter alia,* on task expectations and the VE responded: "Breaks are typically two 15-minutes (sic) breaks and a 30-minute lunch, and off task no more than 15% of the day, and for unskilled, entry level work missing no more than one day per month." *Id.*

In her decision, the ALJ found that Plaintiff had the RFC to perform light work with exceptions. (ECF No. 8-2, pp. 21-22).

5

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except this individual is limited to routine, repetitive work that is considered entry level in a stable work environment where work processes and location generally stay the same. The individual could have work instructions provided in written or diagrammatic form, along with short or brief verbal instructions and up to a 30-day training period. This individual is limited to decision making using only concrete variables within standardized situations. She is limited to no production rate pace work, but rather pace is determined by the work and general production demands are met. She needs to work in a fixed job site. Further, this individual would require a 15-minute break every two hours. Moreover, this individual should not work as part of a team, and she should d have no more than occasional interaction with supervisors.

*Id.* As can be seen from the RFC set forth above, the ALJ failed to account for Plaintiff being off task 11-20% of the workday and work week.[3] *Id.* This is a serious limitation opined by Dr. Muller for which the ALJ gave great weight. Additionally, the ALJ failed to account for Plaintiff being absent three days per month, also a limitation opined by Dr. Muller. *Id.* Moreover, the ALJ never questioned the VE regarding a person being off task 16-20% of the time, a range in which the Plaintiff falls according to Dr. Muller. (ECF No. 8-15, p. 5).

An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether his opinion is based on substantial evidence. "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

---

[3] As noted by the VE, being off task is separate from normal time off for lunch and breaks. (ECF No. 8-3, p. 37). One does not account for the other.

Here, the ALJ fails to articulate why she gave great weight to the opinions of Dr. Muller but did not account for Dr. Muller's opinions that Plaintiff is seriously limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and that Plaintiff would be absent three day per month. The ALJ may reject portions of evidence, but he/she must provide detailed reasons for doing so. Without the same, I am unable to make a meaningful and proper review to determine if the ALJ's opinion is based on substantial evidence. Consequently, remand is warranted on this issue.[4]

An appropriate order shall follow.

---

[4] Plaintiff raises other issues in her brief regarding the mischaracterization of evidence by the ALJ and the ALJ's credibility assessment of Plaintiff. (ECF No. 11). Since I am remanding this case as set forth above, I need not discuss the same as they will be reviewed again, *de novo,* on remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORETTA ANN KOZEMCHAK, )
 )
       Plaintiff, )
 )
 -vs- )   Civil Action No. 16-1070
 )
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 16th day of August, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is granted and Defendant's Motion for Summary Judgment (ECF No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                      BY THE COURT:

                                      s/ Donetta W. Ambrose
                                      Donetta W. Ambrose
                                      United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.